IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SETH CORMIER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-14-3514 |
| | § | |
| ISLAND OPERATING COMPANY OF | § | |
| TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

The plaintiff, Seth Cormier, has filed a motion to transfer venue to the Western District of Louisiana under 28 U.S.C. § 1404(a). Cormier argues that this court should examine the motion to transfer under *Ferens v. John Deere Co.*, 494 U.S. 516, 523 (1990). In *Ferens*, the Supreme Court held that in diversity cases, the transferee court should apply the law of the transferor forum, no matter which party initiated the transfer. *Id.* The Court explained that "[f]irst, § 1404(a) should not deprive parties of state-law advantages that exist absent diversity jurisdiction. Second, § 1404(a) should not create or multiply opportunities for forum shopping. Third, the decision to transfer venue under § 1404(a) should turn on considerations of convenience and the interest of justice rather than on the possible prejudice resulting from a change of law." *Id.* at 523 (citing *Van Dusen v. Barrack*, 376 U.S. 612 (1964)). The *Ferens* Court did not address how to apply the § 1404(a) factors in deciding whether to grant a plaintiff's motion to transfer venue. Instead, the Court focused on what law to apply after a motion to transfer is granted. The issue in the present case is whether to transfer in the first place.

Courts in this circuit decide whether to grant a plaintiff's transfer motion under § 1404(a).

*See In re Volkswagen AG*, 371 F.3d 201, 204 (5th Cir. 2004); *Xtreme Indus., LLC v. Gulf Copper & Mfg. Corp.*, No. Civ. A. H-10-2488, 2010 WL 4962967, at *5 (S.D. Tex. Dec. 1, 2010). The party seeking transfer must show that "the transferee venue is . . . clearly more convenient." *In re Volkswagen*, 545 F.3d at 315. Public and private interests factors are relevant. *Id.* "The private interest factors are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.' The public interest factors are: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.' *Id.* (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). These factors are "not necessarily exhaustive or exclusive" and "none can be said to be of dispositive weight." *Id.* (quotations and alternations omitted).

When a plaintiff moves to transfer venue away from where he first filed the suit, in addition to satisfying the above criteria, the plaintiff "must show that circumstances have changed since the filing of the suit." *See Moto Photo, Inc. v. K.J. Broadhurst Enters., Inc.*, No. 3:01-C-V2282-L, 2003 WL 298799, at *3 (N.D. Tex. Feb. 10, 2003) (listing cases); *see also Interamerican Quality Foods, Inc. v. Parrot Ice Drink Products of Am., Ltd.*, Civ. A. No. SA-09-CV-473-XR, 2010 WL 376407, at *1 (W.D. Tex. Jan. 25, 2010).

Cormier has not addressed these factors. By Tuesday, May 26, 2015, Cormier must file a reply addressing the factors or explaining why they do not apply. The defendants must file a sur-

reply responding only to these arguments no later than Monday, June 8, 2015.

SIGNED on May 11, 2015, at Houston, Texas.

Lee H. Rosenthal
United States District Judge